FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ECHO H., | No. 1:24-CV-03081-JAG-1 |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 10, 14. Attorney James Tree represents Echo H. (Plaintiff); Special Assistant United States Attorney Lori Lookliss represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and REMANDS for benefits.

---

[1] Frank Bisignano became the Commissioner of Social Security May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for the defendant in this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

## I.  JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on August 19, 2020, alleging disability since March 1, 2019.  Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an administrative law judge (ALJ).  Tr. 17.  A hearing was held on October 30, 2023, at which vocational expert (VE) Bernard Preston, and Plaintiff, who was represented by counsel, testified.  Tr. 40-87.  ALJ Kathleen Scully-Hayes presided.  Tr. 44-91.  The ALJ denied benefits on November 16, 2023.  Tr. 17-38.  The Appeals Council denied review.  Tr. 1-5.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on May 30, 2024.  ECF No. 1.

## II.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 1975 and was 43 years old[2] on the alleged onset date.  Tr. 20 (onset date of March 1, 2019); Tr. 31 (Plaintiff born in 1975).  Plaintiff's past jobs include scanning, stocking, and cleaning.  Tr. 20.

## III.  STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

---

[2] The ALJ's findings at Tr. 31, finding number 7, incorrectly states claimant was 38 years old at the time of alleged onset, however this does error does not impact claimant's categorization as a younger individual age 18-49.

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

in the national economy.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.     ADMINISTRATIVE FINDINGS

On November 16, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 17-38

At *step one*, ALJ Scully-Hayes found that Plaintiff had not engaged in substantial gainful activity since March 19, 2019.  Tr. 20.

At *step two*, she found Plaintiff had the severe impairments of major depressive disorder ("MDD"); anxiety; post-traumatic stress disorder ("PTSD"); attention deficit hyperactivity disorder ("ADHD"); opioid use disorder, in remission; asthma; and right clavicle injury.  Tr. 21.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 25.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform light work, with the following limitations:

> except occasional climbing, no ladders, ropes or scaffolds; occasional balance, stoop, kneel, crouch, and crawl; occasional bilateral reaching above shoulder level; must avoid temperature extremes; must avoid wet and humid environments; must avoid concentrated exposure to fumes, odors, dust, and poor ventilation; and must avoid hazards including heights and moving machinery.  She can understand, remember, and carry out simple, routine, and repetitive instructions and can tolerate occasional interaction with supervisors and co-workers and no interaction with the public. She requires low stress jobs, defined as no production-rate paced work, only occasional changes in job setting, and only occasional decision-making responsibilities.

Tr 23.

At *step four*, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. 30.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of garment sorter, price marker, and routing clerk. Tr. 32.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 32.

## VI.  ISSUES

The question presented is whether this Court should remand for benefits or for further proceedings, as both the Plaintiff and Defendant agree that reversible legal error has occurred in the ALJ's decision.

Plaintiff contends that the ALJ erred by: 1) finding this RFC is inconsistent with disability; 2) not properly assessing Plaintiff's testimony; and 3) not properly assessing Dr. Genthe's opinion.  Plaintiff argues remand for calculation of benefits is the appropriate remedy.  ECF No. 10.

Defendant contends remand for further proceedings is the appropriate remedy because the record before the Court does not conclusively establish Plaintiff's disability status and outstanding issues must be addressed before it can be determined whether Plaintiff is disabled.  ECF No. 14.

## VII.  DISCUSSION

A.  <u>Bernard M. Preston, vocational expert:</u>

The vocational expert (VE) testified at the hearing that, with the determined RFC, Plaintiff would not be able to perform any of her prior work.  Tr. 83.  The

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

VE then identified three jobs existing in significant numbers in the national economy that Plaintiff could perform given the RFC: 1) garment sorter; 2) price marker; and 3) routing clerk. *Id*. Each of these jobs is rated at SVP 2. ECF No. 15 at 4. When asked if, with respect to the identified jobs and the training period and probationary period for those jobs, a person with that RFC and limited to occasional supervisor and coworker contact is ready for competitive work and will make it through the training/probationary period, the VE responded "[i]n my professional opinion, no." Tr. 86.

Plaintiff contends the RFC compels disability, based on the testimony of the vocational expert, who testified that, in his opinion, Plaintiff is not ready for competitive work and would not make it through the training probationary period with those limitations. Plaintiff specifically notes that each of these jobs, with SVP of 2, is defined by the DOT as having a training period "of anything beyond a short demonstration up to and including 1 month." ECF No. 15 at 3. Plaintiff argues there is nothing further to develop in the record, and under the credit-as-true rule, disability is compelled, therefore remand for benefits is the appropriate action.

Defendant argues the record requires further development for two reasons: 1) the ALJ did not explain why she did not accept the latter portion of the VE's testimony, and 2) the VE's testimony leaves an open question as to how many, if any, of the identified jobs require a probationary/training period. ECF No. 14 at 11.

As Plaintiff correctly notes, "[t]he VE was specifically asked about 'the training period and probation period **for these jobs**." ECF No. 15 at 4, citing Tr. 86. As such, there are no open questions as to how many of the identified jobs require a probationary/training period. The ALJ did not address that portion of the VE's testimony in any way, but, as Plaintiff again correctly notes, there is no contrary evidence in the record, and the ALJ failed to provide any rationale for

discounting this opinion. ECF No. 15 at 2-3. A VE's testimony is inherently reliable. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020) and *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). *Id*.

The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted medical opinion evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison*, 759 F.3d at 1020. In this case, all three parts of the standard are met. These three parts are addressed below.

First, the record has been fully developed, and further proceedings would serve no purpose. The VE was asked specifically about Plaintiff's ability to complete the training/probation period for the jobs identified, and the VE responded, in his professional opinion, Plaintiff would be unable to do so. The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The VE unambiguously answered the direct question regarding ***these jobs***. An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed." *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988).

Second, the ALJ failed to provide any reasons for rejecting this portion of the VE's testimony, let alone any legally sufficient reasons. The ALJ entirely ignored this testimony in her decision. However, the ALJ did address that she found the VE to be reliable and did rely on the VE's experience and testimony:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

"I find the expert's explanation sufficient and rely on the vocational expert's experience and testimony to conclude that an individual with the reaching limitations included in the residual functional capacity assigned above is able to perform the identified jobs." Tr 32.  The ALJ gave no indication that she did not find the VE to be a reliable expert in any capacity and, based on the record, appears to have ignored the portion of the VE's testimony that compelled disability.  The second prong of the credit-as-true rule is, therefore, met.

The Commissioner further argued a different RFC could be found upon remand, and as a result, this issue would be dispositive.  ECF No. 14 at 10.  However, as Plaintiff correctly points out, "to still remand for additional proceedings in such circumstances essentially asks the ALJ to craft a different RFC to reach a predetermined conclusion of non-disability—rather than assessing disability based on where the evidence leads.  This would also create an unfair' heads we win; tails let's play again' system of disability benefits adjudication." ECF No. 15 at 7, citing *Moisa v. Barnhart*, 367 F. 3d 882, 887 (9th Cir. 2004).

Finally, if the improperly discredited testimony of the VE is credited as true, the ALJ would be required to find Plaintiff disabled and eligible for benefits.  The Ninth Circuit has held "substantial gainful activity means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." *Gatliff v. Comm'r of Soc. Sec. Admin,* 172 F.3d 690, 694 (9th Cir. 1999).  The inability to complete a training/probationary period clearly is not consistent with the ability to hold a job for a significant period of time.  Under *Gatliff*, the ALJ would be required to find Plaintiff eligible for benefits if she credited the VE's testimony regarding the training/probationary period as true.

The Ninth Circuit recently addressed a factually similar case in *Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114 (9th Cir. July 5, 2023).  In *Leitz*, the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

ALJ found Leitz could have only brief interactions with co-workers and the public and only occasional interaction with supervisors "(although additional time for training is acceptable)." *Id.* at 2. The Ninth Circuit found the ALJ provided no support for the caveat allowing interactions beyond the RFC for training:

> There is no evidence in the record which indicates that Leitz's mental problems are somehow alleviated during training periods because they are less likely to include supervisor interactions than other work periods, or that employers would be willing to tolerate her limitations during training periods. In fact, common experience tends to indicate that training time—the first few months on the job—would be the time when most frequent supervisorial interaction would be required to teach a new hire the job.

*Id.*

Similarly, in this case the VE's testimony that Plaintiff would be unable to complete any training/probationary period is logical given the RFC finding that Plaintiff could tolerate only occasional interaction with supervisors and co-workers and no interaction with the public. It is unreasonable to assume Plaintiff could somehow tolerate additional interactions during training or that training could be accomplished with only occasional interaction with supervisors and co-workers. The *Leitz* court held:

> Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation omitted). In this case, the vocational expert clearly testified that Leitz would not have the RFC to perform the any of the available jobs unless her RFC included the training-period caveat. Thus, without the training-period caveat, Leitz must be considered disabled. The record therefore demonstrates that Leitz is entitled to benefits when the training-period caveat is struck from the RFC. *See Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9

*Id* at 3.  Similarly, taking into account the VE's testimony that Plaintiff could not tolerate a training/probationary period, the record here demonstrates Plaintiff is entitled to benefits when the VE's testimony is taken into consideration.

B. **Dr. Genthe's Opinion and Plaintiff's Testimony.**

Having determined a remand for calculations of benefits is appropriate based on consideration of the VE's testimony, it is unnecessary to consider Plaintiff's arguments relating to Dr. Genthe's opinion and Plaintiff's testimony.  Thus, the Court need not reach these alternative grounds for remand.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## VIII.  CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1. Plaintiff's Motion, ECF No. 10, is **GRANTED**.
2. Defendant's Motion, ECF No. 14, is **DENIED**.
3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED September 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10